763 A.2d 373

**Wendy BLOCKER, Appellee,**

v.

**CITY OF PHILADELPHIA, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 16, 2000.

Decided Dec. 20, 2000.

Alan C. Ostrow, Philadelphia, for City of Philadelphia.

Patricia J. Cooney, Philadelphia, for Wendy Blocker.

BEFORE: FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ. ·

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

This is an appeal by allowance from an order of Commonwealth Court which reversed an order of the Court of Common Pleas of Philadelphia County granting summary judgment in favor of the City of Philadelphia, appellant, in a negligence action filed by Wendy Blocker, appellee.

In 1994, Blocker attended a concert at a facility in the City of Philadelphia known as Robin Hood Dell East. During the concert, Blocker was injured when a bleacher that she was sitting on collapsed.[1] An action for damages ensued, based on a claim that the city negligently maintained the bleacher. The city responded that it was immune from suit under the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa.C.S. §§ 8541–8542.[2] The court of common pleas granted a motion for summary judgment in favor of the city. This reflected the court's determination that the defective bleacher was not a permanent fixture of the real estate, and that, as personalty, it did not fit within the immunity exception set forth in the Tort Claims Act for negligence in the care, custody, or control of real property. See 42 Pa.C.S. 8542(b)(3).[3]

---

1. The bleacher was made of wood and it measured roughly twelve feet wide and four to five feet tall, with approximately five tiers of seating. It rested on, but was not attached to, the ground. When it collapsed, Blocker fell backward to the ground and sustained injuries to her head, neck, back, and extremities.

2. In 42 Pa.C.S. § 8541, the Tort Claims Act provides a grant of immunity:

 Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

3. In 42 Pa.C.S. § 8542(b)(3), an exception to immunity is provided for negligent acts of a local agency relating to real property:

 **(b) Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

 . . . .

 *(3) Real Property.*—The care, custody or control of real property in the possession of the local agency. . . .

Commonwealth Court reversed. It held that there was a genuine issue of material fact as to whether the bleacher was intended by the city to remain permanently on the Robin Hood Dell East grounds, and that, due to the existence of that disputed fact, summary judgment had been improperly entered. Commonwealth Court cited testimony from an arbitration hearing that was conducted before Blocker's claim was heard in the court of common pleas. That testimony was viewed as inherently conflicting as to whether the city intended the bleacher to remain in its location permanently or be moved to other locations around the city for various functions. Thus, the intent of the city regarding the permanence of the bleacher's location was regarded as a pivotal factor in determining whether the bleacher was part of the realty. No importance was assigned to whether the bleacher was attached to the ground. Commonwealth Court in fact stated, "[a]dmittedly, on this record, there is no evidence that the bleacher from which Blocker fell was attached to the ground." *Blocker v. City of Philadelphia*, 729 A.2d 187, 190 (Pa.Cmwlth.1999). The need for such an attachment was expressly dismissed, as the court stated, "summary denial of Blocker's claim based on the absence of a bolt or other sundry attachment is illogical." 729 A.2d at 191. To require such an attachment would be inconsistent with the legislative spirit behind the real estate exception, the court reasoned, since the exception was intended to limit municipal immunity and place an increased duty of care upon municipalities in the manner that they use and maintain real estate. *Id.*

■ Commonwealth Court erred in holding that the bleacher could be a fixture of the real property. There was no attachment of the bleacher to the property on which it rested. The court's view that the intention of the city regarding whether the bleacher was permanent in its location supersedes the lack of attachment was without basis. Accordingly, we reverse.

■ It is anciently established that consideration of the intention of an owner regarding whether a chattel has been

permanently placed on real property is relevant only where the chattel has in fact been affixed to the realty. Discussing the history of fixture law, *Powell on Real Property,* Ch. 57, ¶ 649[1], at 57–5 (1992) states: "Early English law placed primary emphasis on annexation of an item to the soil or attachment to an existing fixture in determining fixture status. The Latin maxim reflecting the rules developed under Roman law strongly influenced this approach: 'quicquid plantatur solo, solo cedit,' meaning 'whatever is annexed to the land becomes land.'" (Footnote omitted). Absent an attachment to realty, a chattel remains personality.

 In *Clayton v. Lienhard,* 312 Pa. 433, 436–37, 167 A. 321, 322 (1933), this court set forth the relevant principles:

Chattels used in connection with real estate are of three classes: First, those which are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these always remain personalty.... Second, those which are *so annexed to the property* that they cannot be removed without material injury to the real estate or to themselves; these are realty, even in the face of an expressed intention that they should be considered personalty-to them the ancient maxim "Quicquid plantatur solo, solo cedit" applies in full force.... Third, those which, although *physically connected with the real estate, are so affixed* as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, *depending upon the intention of the parties at the time of the annexation;* in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable....

(Emphasis added; citations omitted). Thus, a chattel that is not affixed to realty remains personalty; only where personalty has been attached to realty does the question of the parties' intent become relevant. *Id.* See also *Vargo v. Koppers Co.,* 552 Pa. 371, 376–78, 715 A.2d 423, 426–27 (1998) (requirement that personalty be attached to real property); *Noll v. Harrisburg Area YMCA,* 537 Pa. 274, 286–90, 643 A.2d 81, 87–89

(1994) (relevance of intent where chattel has been affixed to real property).

It is undisputed that the bleacher from which Blocker fell was not attached to the ground. The bleacher was, therefore, personalty, and any negligent maintenance of it did not fall within the real property exception to immunity. Commonwealth Court, in holding to the contrary, erred.

Order reversed.

SAYLOR, J., concurs in the result.