Erika **RIEGER**, a minor, by Bernard Rieger and Jacqueline Rieger, as parents and natural guardians, and in their own right, Appellants,

v.

**ALTOONA AREA SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued Oct. 30, 2000.

Decided March 2, 2001.

---

FLAHERTY, Judge.

Erika Rieger (Erika) and her parents, Bernard and Jacqueline Rieger (collectively, "the Riegers") appeal from an order of the Court of Common Pleas of Blair County (trial court), which granted summary judgment to the Altoona Area School District (School District) in the negligence action brought by the Riegers. For the reasons set forth herein, we affirm.

The relevant facts are as follows. Erika, age thirteen at the time, was in eighth grade and a member of the Keith Junior High School cheerleading squad. During a cheerleading practice conducted in the school gymnasium on January 6, 1998, Erika sustained dental and facial laceration injuries as a consequence of a fall that resulted from a failed cheerleading stunt. Erika and another cheerleader, Yasmine Rajpar (Yasmine), were paired together for the first time by their coach, Patty Wendle, and directed to practice a stunt known as the "liberty." One element of the "liberty" involves a "shoulder sit" stunt whereby one cheerleader sits on the shoulders of the base or "pole" cheerleader and dismounts either forward or backward. While practicing the shoulder sit stunt on the day of the accident, Yasmine served as the pole with Erika performing the dismount. After Erika successfully performed a forward dismount, a miscommunication occurred between Erika and Yasmine regarding whether Erika was to dismount forward or to the rear. While the source of the miscommunication remains in dispute, the end result caused Erika to dismount forward and hit the hardwood gymnasium floor face first without the aid of her arms to brace her fall because Yasmine maintained her grasp in an effort to prevent Erika's fall.

The Riegers filed a negligence action against the School District claiming that their case falls within the real property exception of the Political Subdivision Tort Claims Act (Act). 42 Pa.C.S. § 8542(b)(3). The School District responded with a motion for summary judgment asserting that

Douglas V. Stoehr, Altoona, for appellants.

David P. Andrews, Altoona, for appellee.

Before KELLEY, Judge, FLAHERTY, Judge, RODGERS, Senior Judge.

as a local agency it is entitled to immunity under 42 Pa.C.S. § 8541 and that the Riegers failed to make out a claim that satisfied any of the immunity exceptions enumerated in 42 Pa.C.S. § 8542. By order dated March 8, 2000, the trial court granted the School District's summary judgment motion upon determining that the real property exception of the Act did not apply and further found that Erika had voluntarily assumed the risk of injury from her cheerleading activities. The Riegers now appeal the trial court's order to this Court.[1]

The Riegers present two issues on appeal. First, whether the trial court erred by granting the School District summary judgment based on its determination that the real property exception set forth in 42 Pa.C.S. § 8542(b)(3) of the Act did not apply. Second, whether the trial court erred by alternatively granting the School District summary judgment based on its determination that Erika had voluntarily assumed the risk of injury when she attempted the cheerleading stunt.[2]

Initially, we note that § 8541 of the Act provides: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. The real property exception to local governmental immunity set forth in § 8542(b)(3) of the Act provides:

(b) Acts which may impose liability. The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . .

(3) Real property. The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

42 Pa.C.S. § 8542(b)(3).

Initially, we note that our decision in *Jones v. Southeastern Pennsylvania Transportation Authority*, 748 A.2d 1271, 1272 (Pa.Cmwlth.2000) provides the following overview of the law relevant to present summary judgment inquiry:

Summary judgment is properly granted where "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report." Pa. R.C.P. No. 1035.2(1). After the close of discovery relevant to the motion, summary judgment is also appropriate if "an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa. R.C.P. No. 1035.2(2). An entry of summary judgment may be granted only in cases where the right is clear and free from doubt. *Davis v. Brennan*, 698 A.2d 1382 (Pa.Cmwlth. 1997). The moving party has the bur-

---

1. Our standard of review of a trial court's order granting summary judgment is limited to determining whether there was an error of law or an abuse of discretion. *Irish v. Lehigh County Housing Authority*, 751 A.2d 1201, 1203 (Pa.Cmwlth.2000).

2. The School District also raises an issue pertaining to proximate cause. The School District contends that the real property exception does not apply when the realty does not cause but merely facilitates the injury. On the facts here, the School District argues that the miscommunication between Erika and Yasmine

proximately caused the injury that was merely facilitated by the mat-less hardwood floor. While this Court need not address this question because it was not fully litigated before the trial court and did not serve as a basis for the trial court's disposition of this matter, we note that our decision in *Wilson v. Philadelphia Housing Authority*, 735 A.2d 172 (Pa. Cmwlth.1999), addresses this issue and states that there can be more than one proximate cause of an injury, one of which may be defective Commonwealth or municipal real property.

den of proving the non-existence of any genuine issue of material fact. *Id.* Parties seeking to avoid the imposition of summary judgment must show by specific facts in their depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue for trial. *Sovich v. Shaughnessy,* 705 A.2d 942 (Pa.Cmwlth.1998).

See also Pennsylvania Rules of Court 2000, Note to Pa. R.C.P. No. 1035.2.

On the facts here, the Riegers first contend that gymnastics mats are an integral part of a gymnasium hardwood floor when it is used to practice the gymnastic-type stunts that are routinely performed in modern cheerleading. In support of this argument, the Riegers rely on our decision in *Singer v. School District of Philadelphia,* 99 Pa.Cmwlth. 553, 513 A.2d 1108 (1986). In *Singer,* a student-gymnast attempted a gymnastic stunt over a vaulting horse that resulted in a broken elbow when he missed a mat and landed on the hardwood floor. This Court held that matting is a necessary element of a gymnasium's hardwood floor when it is used as a gymnastic stunt area, and therefore, constituted an aspect of the School District's care, custody and control of its real property, subject to the real property exception. *Id.* at 1109–10. The Riegers argue that modern cheerleading includes many gymnastic type stunts thus imposing the mat requirement on the School District under the custody, care and control analysis set forth in *Singer.* The Riegers maintain that since the School District did not ensure that mats were used during cheerleading practice, it is subject to negligence liability under the real property exception to the Act. 42 Pa.C.S. § 8542(b)(3).

Although we agree that application of the *Singer* analysis to the facts here would warrant reversal of the trial court's grant of summary judgment, we conclude that *Singer* no longer represents controlling authority as it was overruled, *sub silentio,* by the Supreme Court's recent decision in *Blocker v. City of Philadelphia,* 563 Pa. 559, 763 A.2d 373 (2000). In *Blocker,* a negligence action was brought by Wendy Blocker against the City of Philadelphia (City) for injuries sustained following the collapse of the bleacher on which she was seated while attending a concert at a facility owned and maintained by the City. Ms. Blocker pursued her claim under the real property exception to the Act following the City's claim of immunity. The common pleas court granted the City's motion for summary judgment and this Court reversed holding that a genuine issue of material fact existed regarding weather the bleacher constituted a fixture attached to realty, thus falling within the real property exception to the Act. See *Blocker v. City of Philadelphia,* 729 A.2d 187 (Pa. Cmwlth.1999). In overturning this Court's reversal, the Supreme Court concluded that the record evidence clearly demonstrated that the bleachers responsible for Blocker's injury were not attached to the realty and absent such an attachment, the bleachers constituted personalty which is outside the scope of the real property exception to the Act. *Blocker,* 563 Pa. at 562, 763 A.2d at 375.

In addressing the issue of whether the allegedly defective bleachers were affixed to the realty, the Supreme Court cited the following passage from its earlier decision in *Clayton v. Lienhard,* 312 Pa. 433, 167 A. 321 (1933).

> Chattels used in connection with real estate are of three classes: First, those which are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these always remain personalty.... Second, those which are so annexed to the property that they cannot be removed without material injury to the real estate or to themselves; these are realty, even in the face of an expressed intention that they should be considered personalty-to them the ancient maxim "Quicquid plantatur solo, solo cedit" [meaning whatever is annexed to the land becomes land] applies

in full force.... Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation; in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable....

*Blocker*, 563 Pa. at 563, 763 A.2d at 375 quoting *Clayton*, 312 Pa. at 436–37, 167 A. at 322.

◼ In applying the legal principles governing fixtures outlined in *Blocker* to the instant matter, we conclude that the *Singer* holding establishing that gymnasium mats constitute a necessary element of a school district's real property when used as a gymnastic stunt area is no longer viable following *Blocker*. The record evidence establishes that the gymnasium mats in question were in no way affixed to the real property, and as such, constitute personalty. Therefore, even assuming that failure to provide mats in the cheerleading practice area amounted to a negligent act causing Erika's injury, such negligent conduct would not fall within the real property exception to the Act. Accordingly, the trial court properly granted summary judgment in favor of the School District under the immunity provisions of the Act. 42 Pa.C.S. § 8541.

The Riegers next argue that the trial court erred when it alternatively granted the School District summary judgment based on Erika's voluntary assumption of the risk. Although our determination that the trial court properly granted summary judgment under the immunity provision of the Act provides sufficient basis to affirm the trial court's order, we feel compelled to address the trial court's erroneous application of the doctrine of assumption of the risk.

◼ Based on the precedent established by the Pennsylvania Supreme Court in *Howell v. Clyde*, 533 Pa. 151, 620 A.2d 1107 (1993), which this Court followed in *Duquesne Light Company v. Woodland Hills School District*, 700 A.2d 1038 (Pa. Cmwlth.1997), we conclude that the doctrine of assumption of the risk is not applicable to the instant matter. In *Duquesne Light Company*, we summarized the Supreme Court's limitation of the doctrine of assumption of the risk as follows:

In *Howell v. Clyde*, 533 Pa. 151, 620 A.2d 1107 (1993), the Supreme Court abolished assumption of risk as an affirmative defense decided by the jury. The court concluded "to the extent that an assumption of risk analysis is appropriate in any given case, it shall be applied by the court as a part of the duty analysis, and not as part of the case to be determined by the jury." *Id.* at 162, 620 A.2d at 1112–13. The court preserved the doctrine as an affirmative defense "in cases involving express assumption of risk, or cases brought pursuant to 402A (strict liability theory), or cases in which assumption of risk is specifically preserved by statute." *Id.* at 162 n. 10, 620 A.2d at 1113 n. 10. An express assumption of the risk is where the plaintiff has given his express consent to relieve the defendant of an obligation to exercise care for the plaintiff's protection. *Rutter v. Northeastern Beaver County School District*, 496 Pa. 590, 437 A.2d 1198 (1981); *Hannon v. City of Philadelphia*, 120 Pa.Cmwlth. 383, 548 A.2d 693 (1988), petition for allowance of appeal denied, 522 Pa. 598, 562 A.2d 322 (1989). "Ordinarily such an agreement takes the form of a contract, which provides that the defendant is under no obligation to protect the plaintiff, and shall not be liable to him for the consequences of conduct which would otherwise be tortious." Restatement (Second) of Torts § 496B, Comment (a) (1965).

*Duquesne Light Company*, 700 A.2d at 1053.

The instant matter does not involve a strict liability theory, nor does it involve a statute that preserves assumption of risk as an affirmative defense available to the School District.[3] Therefore, in order for the School District to invoke the doctrine of assumption of the risk, it must show that Erika expressly assumed the risk. Our review of the record does not reveal any evidence that could establish that Erika expressly or contractually assumed the risk of her injuries. So even if the School District could establish that Erika voluntarily assumed the risk of injury from her cheerleading activities, without an express assumption, it is not entitled to avail itself to the affirmative defense of assumption of the risk.

Accordingly, although the trial court improvidently granted the School District summary judgment on the alternate basis of assumption of the risk, this holding amounts to harmless error given the trial court's proper grant of summary judgement based on the Riegers' failure to state a viable claim under § 8542(b)(3) of the Act, 42 Pa.C.S. § 8542(b)(3). For the aforementioned reasons, we hereby affirm the trial court's order dated March 8, 2000.

### ORDER

AND NOW, this 2nd day of March, 2001, the order of the Court of Common Pleas of Blair County dated March 8, 2000 granting summary judgment to the Altoona Area School District, is hereby affirmed.

---

3. Section 8546 of the Act, 42 Pa.C.S. § 8546, does avail common law defenses such as assumption of the risk to employees of local agencies. Section 8546 of the Act provides in pertinent part:

Defense of official immunity. In any action brought against an employee of a local agency for damages on account of an injury to a person or property based upon claims arising from, or reasonably related to, the office or the performance of the duties of the employee, the employee may assert on his own behalf, or the local agency may assert on his behalf:

(1) Defenses which are available at common law to the employee.

42 Pa.C.S. § 8546. Given that the Riegers did not name any local agency employees as defendants, assumption of the risk is not a defense preserved by statute in this case.