**Connie MANDAKIS, Appellant**

**v.**

**BOROUGH OF MATAMORAS.**

Commonwealth Court of Pennsylvania.

Argued June 17, 2013.

Decided July 11, 2013.

Jason R. Ohliger, Milford, for appellant.

BEFORE: SIMPSON, Judge, BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge SIMPSON.

Connie Mandakis (Plaintiff) appeals an order entered by the Court of Common Pleas of Pike County [1] (trial court) granting summary judgment in favor of the Borough of Matamoras (Borough) and dismissing her claims arising from a trip and fall at a public park. The trial court concluded the Borough was immune under the

---

1. The Honorable Gregory H. Chelak presided.

section of the Judicial Code commonly known as the Political Subdivision Tort Claims Act.[2] Plaintiff contends the trial court erred in concluding the Borough's failure to ensure the safety of its park pavilion by properly maintaining a picnic table did not relate to the care, custody or control of its real property.

The facts of this case are not in dispute. In June 2008, Plaintiff sustained a hip injury, which necessitated surgery, while attending a party at Airport Park. Airport Park is a public park located within and owned, operated and maintained by the Borough. Plaintiff filed a complaint against the Borough, which she later amended, seeking over $40,000 in damages.

Specifically, Plaintiff alleged her injury occurred when she fell over a defective picnic table.[3] She further averred the Borough acted negligently because it maintained control and ownership of the premises and knew or should have known of the defective and dangerous condition of the picnic table. According to Plaintiff, the injury rendered her unable to continue with her normal lifestyle and forced her to expend funds for medical expenses now and into the future.

The Borough filed an answer and new matter in which it proclaimed immunity from suit pursuant to Section 8542 of the Judicial Code, 42 Pa.C.S. § 8542. The Borough then filed a motion for summary judgment. The Borough averred the subject picnic table was furniture, movable, and not affixed to the ground.

In Plaintiff's answer in opposition to the Borough's motion, Plaintiff conceded the subject picnic table was not affixed to the ground. Nevertheless, Plaintiff asserted the picnic table was attendant to the park pavilion and thus should fall under the real property exception contained in Section 8542(b)(3) of the Judicial Code.

After oral argument, the trial court granted the Borough's motion for summary judgment and dismissed Plaintiff's complaint. The trial court determined the Political Subdivision Tort Claims Act barred Plaintiff's action against the Borough, and the picnic table did not fall within the exceptions set forth in Section 8542(b)(3). This appeal followed.[4]

Plaintiff contends the trial court committed an error of law in concluding her claim did not fall within the real property exception to governmental immunity. Specifically, the trial court erred in concluding the Borough's failure to ensure the safety of its park pavilion by properly maintaining a picnic table at the premises did not relate to the care, custody or control of its real property.

Plaintiff asserts the trial court based its conclusion on an erroneous application of an "of/on" distinction and "fixture" requirement. The trial court premised its decision on finding the picnic table was not affixed to the real property. In so finding, the trial court relied on the Supreme Court's decision in *Blocker v. City of Phil-*

2. 42 Pa.C.S. §§ 8541–8564.

3. The wooden plank seat was missing from the table, leaving the protruding support members. Plaintiff testified she caught her pant leg on the broken picnic table and fell. Reproduced Record (R.R.) at 133a.

4. Our review of a trial court order granting summary judgment is limited to determining whether the trial court erred as a matter of law or abused its discretion. *Kuniskas v. Commonwealth*, 977 A.2d 602 (Pa.Cmwlth. 2009). We must examine the record in a light most favorable to the non-moving party, accepting as true all well-pled facts and reasonable inferences to be drawn from those facts. *Id.*

*adelphia,* 563 Pa. 559, 763 A.2d 373 (2000). According to *Blocker,* the defect must be "of" the real property in order to fall under the real property exception. However, Plaintiff contends *Blocker* departs from prior case law and reached a conclusion not supported by the plain language of the statute. The *Blocker* opinion suggests the untenable conclusion that a municipality may negligently, recklessly, or even knowingly maintain any number of unreasonably dangerous conditions on its property, provided there is nothing attaching the dangerous condition to the ground. Plaintiff asserts such a result is absurd.

Plaintiff maintains the trial court should have determined the Borough's failure to fix or remove a broken picnic table is a direct function of the municipality's proper maintenance of its park facilities, i.e., the care, custody or control of its real property. Thus, Plaintiff maintains, the trial court's order granting summary judgment to the Borough must be reversed.

The Borough counters the real property exception does not apply to Plaintiff's claims. A broken picnic table caused the incident. Plaintiff "admitted that the picnic tables were movable and not affixed to the ground." Reproduced Record (R.R.) at 30a. The alleged fault with regard to the maintenance and repair of a picnic table is not fault with regard to the care, custody or control of real property. The Borough asserts, pursuant to *Blocker* and *Repko v. Chichester School District,* 904 A.2d 1036 (Pa.Cmwlth.2006), this is not a proper claim under Section 8542(b)(3). For the real property exception to be invoked, the offending object must be a fixture attached to the property. Thus, the trial court properly determined the Borough is immune from liability.

Generally, a municipality is immune from suit for injuries to person or property. *See* Section 8541 of the Judicial Code,

42 Pa.C.S. § 8541. However, liability may be imposed where: (1) damages would be recoverable at common law or under a statute creating a cause of action if the injury were caused by a person not protected by immunity, and (2) the claim falls within one of the statutory exceptions to governmental immunity in Section 8542(b) of the Judicial Code. 42 Pa.C.S. § 8542; *Wilson v. Norristown Area Sch. Dist.,* 783 A.2d 871 (Pa.Cmwlth.2001). Of relevance here is Section 8542(b)(3), which provides an exception to immunity for:

> The *care, custody or control of real property* in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

42 Pa.C.S. § 8542(b)(3) (emphasis added).

In *Blocker,* the Supreme Court held the real property exception to immunity did not apply to a city for its negligent maintenance of a bleacher. There, a citizen sustained an injury when a bleacher, on which she was sitting, collapsed at a city concert facility. The trial court granted a motion for summary judgment in favor of the city based on its immunity under the Political Subdivision Tort Claims Act. On appeal, this Court reversed the trial court because a question existed as to whether the City intended the bleacher to be part of the realty.

However, the Supreme Court reversed this Court's determination. The Supreme Court concluded consideration of an owner's intention with regard to chattel is only relevant where the chattel is, in fact, affixed to the realty. The Court provided the following guidelines for considering whether an object is real or personal property:

Chattels used in connection with real estate are of three classes: First, those which are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these always remain personalty.... Second, those which are so annexed to the property that they cannot be removed without material injury to the real estate or to themselves; these are realty, even in the face of an expressed intention that they should be considered personalty.... Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation; in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable.

*Id.* at 563, 763 A.2d at 375 (emphasis and citations omitted) (quoting *Clayton v. Lienhard*, 312 Pa. 433, 436–37, 167 A. 321, 322 (1933)). In essence, "[a]bsent an attachment to realty, a chattel remains personalty." *Id.* Because the bleacher was not attached to the ground, the city's intent was irrelevant. Accordingly, the Supreme Court held any negligent maintenance of the bleacher did not fall within the real property exception to immunity because the bleacher constituted personalty.

Similarly, in *Rieger v. Altoona Area School District*, 768 A.2d 912 (Pa.Cmwlth. 2001), a student sustained an injury when she fell on the hardwood gymnasium floor of a public school. She sued the school arguing the lack of mats constituted negligent care of real property. Relying on *Blocker*, this Court concluded the mats in question were not affixed to the real prop-

erty, and as such, constituted personalty. Thus, even assuming the failure to provide mats amounted to negligent care, such conduct did not fall within the real property exception.

Plaintiff contends *Blocker* and its progeny constitute an anomalous departure from the Supreme Court's opinion in *Grieff v. Reisinger*, 548 Pa. 13, 693 A.2d 195 (1997), and are inconsistent with the plain language of the statute. In *Grieff*, the Supreme Court held the real property exception to governmental immunity applied to injuries caused by a fire chief's alleged negligent care of the fire company's property. There, a visitor to the fire company sustained an injury when paint thinner, which the fire chief used to clean the floor, ran under a refrigerator and ignited. The Court held the real property exception is triggered when the injury is caused by the negligent care, custody or control of real property. The Court considered the cleaning of the floor as caring for the property. Thus, the Court held the real property exception applied because the fire company's negligent care of the property caused the injury.

Following *Grieff*, in *Hanna v. West Shore School District*, 717 A.2d 626 (Pa. Cmwlth.1998), this Court held the real property exception applied where the plaintiff slipped and fell on water, which accumulated in a public school hallway. The parties stipulated the puddle of water formed as a result of someone mopping the floor. This Court found the case indistinguishable from *Grieff* because the school district's negligent care of the hallway—mopping the floor and allowing the water to accumulate—led to the injury. Thus, this Court determined the plaintiff's claim fit squarely within the real property exception. *Id.*

Later, in *Repko,* this Court considered the interplay between *Blocker* and *Grieff* in determining the applicability of the real property exception to governmental immunity. There, a student brought a negligence action against the school district for personal injuries sustained when a folding table in the school's gymnasium fell over and struck her. The trial court followed the analysis in *Grieff* and determined the real property exception applied because the school district negligently cared for the gymnasium area. In so doing, the trial court specifically found the Supreme Court's analysis in *Blocker* inapplicable to the case. On appeal, however, this Court reversed. We opined:

> [T]here are two approaches that can be used to determine whether to apply the real estate exception to immunity under the [Political Subdivision] Tort Claims Act, and that, at times, deciding which approach to apply under a given set of facts is challenging. Under the *Blocker* approach, the determinative inquiry is whether the injury is caused by personalty, which is not attached to the real estate, or by a fixture, which is attached. Under the *Grieff* approach, the determinative inquiry is whether the injury is caused by the care, custody or control of the real property itself. Both approaches have been applied by the courts.

*Id.* at 1040. This Court ultimately determined the school district was immune from suit because the folding table was an item of personalty, rather than real property.

 In sum, a claim under the real property exception to governmental immunity must arise from the property itself, or the care, custody or control of it. *Wilson.* This exception is unavailable when the claims arise from the negligent maintenance of personalty, such as bleachers, *Blocker,* gymnasium mats, *Rieger,* or tables, *Repko.*[5] Contrary to Plaintiff's position, these cases are not at odds with *Grieff* or *Hanna.* In *Grieff* and *Hanna,* the injuries were caused by the *negligent care of the real property itself*—cleaning the floors. In *Blocker, Rieger,* and *Repko,* the injuries were caused by personalty, which was not affixed to the real property. "The distinction between personalty and fixtures ... has been the traditional approach for determining whether or not chattels are part of the real estate." *Repko,* 904 A.2d at 1040. We see no reason to depart from this longstanding approach.

 Here, in the amended complaint, Plaintiff alleged the Borough's negligent care of a picnic table caused her injuries. Although Plaintiff frames the issue in terms of the care, custody and control of the park facilities, the fact remains her injury was caused by a broken picnic table, which was not affixed to the property.

---

**5.** Even cases preceding *Blocker* consistently hold injuries caused by personalty, not affixed to the property, do not fall within the real property exception. *See, e.g., Kniaz v. Benton Borough,* 164 Pa.Cmwlth. 109, 642 A.2d 551 (1994) (picnic table); *DeRitis v. City of Philadelphia,* 136 Pa.Cmwlth. 244, 582 A.2d 738 (1990) (temporary bleacher); *Canon–McMillan Sch. Dist. v. Bioni,* 127 Pa.Cmwlth. 317, 561 A.2d 853 (1989) (lathe); *Maloney v. City of Philadelphia,* 111 Pa.Cmwlth. 634, 535 A.2d 209 (1987) (scaffolding); *cf. Norwin Sch. Dist. v. Cortazzo,* 155 Pa.Cmwlth. 432, 625 A.2d 183 (1993) (affixed merry-go-round con-

stituted real property). In *Martin v. City of Philadelphia,* 696 A.2d 909 (Pa.Cmwlth.1997), a minor tripped and fell over a pipe, which was not affixed to the property, in a city park. Due to conflicting evidence on whether the pipe was placed in the park by third parties or a downed goalpost previously affixed to the property, this Court remanded the matter to the trial court to make that factual determination. If the pipe was a goalpost, and thus a fixture previously attached to the property, the claims against the city would proceed. Otherwise, the city would be afforded immunity.

**306**

Under the *Blocker* approach, a picnic table, which is not affixed to the property, is an item of personalty and not part of the real property. Thus, the real property exception is inapplicable, and governmental immunity bars her claim against the Borough. Therefore, the trial court did not err in granting the Borough's motion for summary judgment and dismissing Plaintiff's complaint.

Accordingly, the order of the trial court is affirmed.

### *ORDER*

**AND NOW,** this 11th day of July, 2013, the order of the Court of Common Pleas of Pike County is **AFFIRMED.**