DISSENTING OPINION BY
PRESIDENT JUDGE LEAVITT
Respectfully, I dissent. The majority holds that if an item of personalty is present in the chain of causation, then the plaintiff cannot pursue a tort claim under the real property exception to the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa. C.S. §§ 8541-8542. This overstates the real property exception, as construed by our Supreme Court. The ultimate question is whether Ron-hilde Gillingham’s injury was caused by the County’s negligent maintenance of the floor or its negligent maintenance of the computer cords. The resolution of this question should be made by a jury.
Gillingham sustained injuries in the Delaware County Recorder of Deeds Office when her foot became entangled in com *883 puter cables located on the floor under a computer station. When Gillingham attempted to walk away from the computer station, her foot remained entangled in the computer cables, causing her to trip and fall. Gillingham filed suit against the County, alleging it was negligent because it did not inspect and maintain the floor. The County denied the allegations, and asserted that it was immune under the Tort Claims Act.
Local government agencies are generally immune from tort liability under the Tort Claims Act. 42 Pa. C.S. § 8541. There are, however, several exceptions to this grant of immunity, which allows an injured party to recover in tort from a local agency provided that:
(1) the damages would be otherwise recoverable under common law or statute creating a cause of action if the injury were caused by a person not having available a defense under Section 8541; (2) the injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his official duties; and (3) the negligent act of the local agency falls within one or more of the eight enumerated categories of exceptions to immunity found in subsection (b). 42 Pa. C.S. § 8542(a)(1), (2).
Sellers v. Township of Abington, 67 A.3d 863, 869 (Pa. Cmwlth. 2013). The exception relevant here is the “real property exception” found in 42 Pa. C.S. § 8542(b)(3). The real property exception states:
(b) Acts which may impose liability.— The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
[[Image here]]
(3)Real Property. — The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, “real property*! shall not include:
(i) • trees, traffic signs,' lights and other traffic controls, street lights and street lighting systems;
(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;
(iii) streets; or
(iv) sidewalks.
42 Pa. C.S. § 8542(b)(3) (emphasis added).
In determining whether the real property exception to the Tort Claims Act is applicable, two approaches have emerged: the Blocker approach and the Griejf approach. We have explained the difference as follows:
Under the Blocker approach, the determinative inquiry is whether the injury is caused by personalty, which is not attached to the real estate, or by a fixture, which is attached. Under the Griejf approach, the determinative inquiry is whether the injury is caused by the care, custody or control of the real property itself. Both approaches have been applied by the courts.
Repko v. Chichester School District, 904 A.2d 1036, 1040 (Pa. Cmwlth. 2006). In deciding which approach to follow, the court is tasked with determining which line of cases is more analogous in terms of causation. Admittedly, “deciding which approach to apply under a given set of facts is challenging.” Id.
In Blocker v. City of Philadelphia, 563 Pa. 559, 763 A.2d 373 (2000), the plaintiff sustained injuries when the bleacher on which she was sitting collapsed. Our Supreme Court agreed that the City was negligent in the maintenance of the bleach *884 er. However, because the bleacher was not attached to the floor of the concert hall, it was an item of personalty.[1] Accordingly, the Supreme Court concluded that the real property exception did not apply to the plaintiffs claim for damages. Under the Blocker approach, the relevant question is whether the injury is caused by an item of personalty, which is not attached to the real estate, or by a fixture, which is attached.
The second approach stems from Grieff v. Reisinger, 548 Pa. 13, 693 A.2d 195 (1997). In Grieff, a bystander was burned when paint thinner, being used to remove paint from the floor, spread and caught fire under a refrigerator. Our Supreme Court held that the negligence related to “care of real property” and, thus, fell within the real property exception. Accordingly, the plaintiff was able to recover for her injuries. The relevant inquiry under the Grieff approach is whether the injury was caused by the care, custody, or control of the real property, even where personalty, ie. paint thinner, was implicated in the causation of the plaintiffs injuries.
As the majority observes, deciding which approach to apply to Gillingham’s injury requires an examination of the line of cases that have followed Blocker and Grieff. The subtle distinctions between Blocker and Grieff and their progeny have produced jurisprudence that can only be described as hair splitting.
This would have been a Blocker case had Gillingham been electrocuted by the computer lines or if the computer monitor had fallen on her foot. The County’s negligence could only be related to the care of personalty. But those are not the facts. The computer lines were arranged in a fashion that impeded her ability to walk away from the work station without falling, which can be reasonably characterized as maintenance of the real property, under the Grieff analysis.
The decision of whether to apply Blocker or Grieff, which results in a drastically different result for Gillingham, turns on the nature of the negligence. Whether the County’s maintenance of the computer cables constituted negligence in its maintenance of the floor is a question for the jury. This is consistent with our Supreme Court’s directive, for example, that the question of whether an agency has constructive notice of a dangerous condition is a question for the jury, and a court may decide the issue “only when reasonable minds could not differ as to the conclusion.” Department of Transportation v. Patton, 546 Pa. 562, 686 A.2d 1302, 1305 (1997). Here, whether Gillingham’s injury resulted from negligent care of the floor in *885 the Recorder of Deeds Office or negligent care of the computer cables is too close to call. Reasonable minds can disagree.[2]
For these reasons, summary judgment is not appropriate here. “Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.” Kvaerner Metals Division of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 589 Pa. 317, 908 A.2d 888, 896 (2006). Because there is a material question of fact as to whether Gillingham’s injuries resulted from negligent maintenance of the floor or negligent maintenance of the computer cords, I would reverse the trial court and remand for further proceedings.

. In Shelter, the Supreme Court reiterated the guidelines for determining if the object that causes an injury is realty or personalty:
Chattels used in connection with real estate are of three classes: First, those which are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these always remain personalty.... Second, those which are so annexed to the property that they cannot be removed without material injury to the real estate or to themselves; these are realty, even in the face of an expressed intention that they should be considered personalty-to them the ancient maxim "Quicquid plantatur solo, solo cedit" applies in fall force.... Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation; in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable ....
Blocker, 763 A.2d at 375 (quoting Clayton v. Lienhard, 312 Pa. 433, 167 A. 321, 322 (1933)).

. The concurrence would hold that had the computer wires been negligently placed across a walkway, a different conclusion would be reached. In that scenario, the walkway could be deemed unsafe for its intended purpose, and thus an injury to a pedestrian would be the result of the local agency’s "care, custody and control of real property.” Whether under a desk or across a walkway, the computer cords remain on the floor of the Recorder of Deeds office. Under our current two-approach analysis, this location difference, which may amount to inches, could change the analysis from one that falls indisputably under Blocker to one that falls indisputably under Grieff.