IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Turner and : 
Tobi Govan-Turner, : 
               Appellants : 
                              : 
          v. : No. 657 C.D. 2023
                              : Submitted: April 9, 2024
Lower Merion School District : 

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE STACY WALLACE, Judge
                 HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY JUDGE WALLACE                        FILED: May 10, 2024

Anthony Turner (Anthony) and his mother, Tobi Govan-Turner (collectively, the Turners), appeal the order of the Court of Common Pleas of Montgomery County (Common Pleas), dated January 13, 2023, which granted the Lower Merion School District's (School District) motion for judgment on the pleadings and dismissed the Turners' complaint with prejudice. Common Pleas concluded the School District was entitled to governmental immunity under Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541, because the Turners' negligence claim did not meet the requirements of the real property exception to immunity under Section 8542(b)(3) of the Judicial Code, 42 Pa.C.S. § 8542(b)(3).[1] After careful review, we affirm.

---

[1] Sections 8541-42 of the Judicial Code, 42 Pa.C.S. §§ 8541-42, are commonly known as the Political Subdivision Tort Claims Act.

## I. Background

We take the alleged facts of this matter from the Turners' complaint. Anthony was a high school student in the School District. Reproduced Record (R.R.) at 6a. On or about June 5, 2019, Anthony attended a physical education class, during which School District staff directed him to participate in a kickball game.[2] School District staff "utilized temporary bases which were not affixed to the ground" for the game. *Id.* While participating, Anthony ran to a base, which slid out from under him. *Id.* Anthony "experience[d] a pop" and fell to the ground, suffering "a displaced fracture of the posterior margin of the distal tibia with localized soft tissue swelling, noted as a Salter-Harris type II fracture with a permanent decrease in functional mobility, stiffness, pain, weakness, and physical discomfort." *Id.* at 7a.

The Turners filed their complaint against the School District on June 3, 2021, alleging the School District was negligent by failing to safely maintain the field used during the kickball game, resulting in Anthony's injury. Specifically, the Turners alleged the School District did not "install and use a hook or clip or a type of fastener to be made part of the real estate" to affix the temporary bases to the ground or did not use "non-slip bases for kickball games during physical education classes." R.R. at 9a. The School District filed an answer with new matter on September 8, 2022, denying it acted negligently and, in relevant part, contending it was immune from liability under the Judicial Code. The School District filed a motion for judgment on the pleadings on September 28, 2022, contending once again that it was immune. The School District acknowledged the Judicial Code's exception to immunity under Section 8542(b)(3) for the negligent "care, custody or control of real property in the

---

[2] Although not explained in the Turners' complaint, the record indicates the kickball game was played outdoors on AstroTurf. R.R. at 57a. Anthony was 16 years old at the time of the game and is now an adult. *See id.*

possession of the local agency." 42 Pa.C.S. § 8542(b)(3). It argued, however, that the bases used during the kickball game were personalty, not real property, such that Section 8542(b)(3) did not apply.

The Turners filed a reply to the School District's new matter on September 28, 2022, followed by an answer in opposition to the School District's motion for judgment on the pleadings on October 28, 2022. The Turners argued their lawsuit involved the School District's failure to install fasteners for the bases to the kickball field, i.e., its failure to make the real property safe, rather than a defect with the bases themselves. In addition, the Turners argued the School District's contentions were inconsistent with *Brewington for Brewington v. City of Philadelphia*, 199 A.3d 348 (Pa. 2018), in which the Pennsylvania Supreme Court applied Section 8542(b)(3) to a boy who tripped and fell into a concrete wall during physical education class. The School District filed a surreply on November 10, 2022.

By order dated January 13, 2023, Common Pleas granted the School District's motion for judgment on the pleadings and dismissed the complaint with prejudice. The Turners timely filed this appeal.[3] In its opinion, Common Pleas first discussed Section 8542(a), concluding the Turners failed to establish an action at common law that would permit them to recover damages absent the School District's immunity. R.R. at 138a. Common Pleas reasoned a possessor of land, like the School District, has a duty to protect invitees from latent unreasonable risks that the possessor should expect the invitees not to discover or recognize. *Id.* at 139a (citing *Brewington*, 199 A.3d at 355; Restatement (Second) of Torts § 343 (Am. L. Inst. 1965)). It was

---

[3] The Turners filed their notice of appeal with the Pennsylvania Superior Court, which transferred the matter to this Court. The Turners also filed a motion for reconsideration. Common Pleas did not formally rule on the Turners' motion for reconsideration but expressed disagreement with the motion in its opinion, which we discuss below. *See* R.R. at 143a.

"obvious and unhidden" that the bases were unaffixed to the ground, Common Pleas explained, and Anthony "must have been aware that he was participating in a gym class kickball game with *temporary* bases."[4]  *Id.* (emphasis in original).

In addition, Common Pleas addressed Section 8542(b)(3), concluding the real property exception did not apply because this case involved personalty, rather than real property.  R.R. at 142a-43a.  Common Pleas reasoned Anthony "was not injured as a result of the field being negligently maintained, nor was he injured by the land itself.  The injury occurred because he slipped on a temporary base placed on the land for a temporary purpose."  *Id.* at 144a.  It distinguished *Brewington*, explaining the boy in that case was injured by a concrete wall, which was real property.  *Id.* at 142a.  Common Pleas cited another Pennsylvania Supreme Court decision, *Blocker v. City of Philadelphia*, 763 A.2d 373 (Pa. 2010), which held Section 8542(b)(3) did not apply to a woman who was injured when a bleacher she was sitting on during a concert collapsed.  R.R. at 143a-44a.

Common Pleas also discussed its decision to dismiss the Turners' complaint with prejudice.  Common Pleas asserted there was no way the Turners could amend their complaint to bring a negligence claim under Section 8542(b)(3).  R.R. at 144a-45a.  The Turners acknowledged the base on which Anthony slipped was temporary and unaffixed to real estate.  *Id.* at 144a.  Common Pleas concluded, therefore, that no matter how they amended their complaint, "the fact remains that [Anthony's] foot made contact with personalty which led to his harm and [the School District] remains

---

[4] Common Pleas rejected an argument the Turners made that Major League Baseball rules require attaching bases to the ground.  *See* R.R. at 57a.  Common Pleas explained: "Major League Baseball may establish regulations for professional baseball teams and ballparks under its control, but those obligations do not create a duty for high school physical education kickball."  *Id.* at 139a.

4

immune from suit. Trial in this matter would be a fruitless exercise." *Id.* at 145a (citing *Beardell v. W. Wayne Sch. Dist.*, 496 A.2d 1373, 1375 (Pa. Cmwlth. 1985)).

On appeal, the Turners argue Common Pleas erred by concluding the School District was immune from liability and did not fall within the real property exception under Section 8542(b)(3). They argue, in the alternative, that Common Pleas should have allowed them to amend their complaint.

## II. Discussion

When reviewing an order granting judgment on the pleadings, the Court must determine whether the law makes recovery impossible on the facts averred. *Cagey v. Commonwealth*, 179 A.3d 458, 463 (Pa. 2018) (citing *Emerich v. Phila. Ctr. for Hum. Dev., Inc.*, 720 A.2d 1032, 1034 (Pa. 1998)). We confine our review "to the pleadings and documents properly attached thereto. Accordingly, [we] must accept as true all well[-]pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted." *Foust v. Pa. Dep't of Hum. Servs.*, 305 A.3d 1128, 1132 n.3 (Pa. Cmwlth. 2023) (quoting *Angino & Rovner v. Jeffrey R. Lessin & Assocs.*, 131 A.3d 502, 507 (Pa. Super. 2016)).

Our analysis focuses on the real property exception under Section 8542(b)(3), which is dispositive. The Judicial Code provides governmental immunity for local agencies. Under Section 8541, "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."[5] 42 Pa.C.S. § 8541. Section 8542 lists

---

[5] A "local agency" is a "government unit other than the Commonwealth government." Section 8501 of the Judicial Code, 42 Pa.C.S. § 8501. The School District qualifies as a local agency. *See, e.g., Brewington*, 199 A.3d at 350.

exceptions to immunity that apply if certain conditions are met. 42 Pa.C.S. § 8542.

It provides as follows, in relevant part:

> **(a) Liability imposed.--**A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
>
>> (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
>>
>> (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.
>
> **(b) Acts which may impose liability.--**The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
>> . . . .
>>
>> (3) *Real property.--*The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, "real property" shall not include:
>>
>>> (i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;

6

> (ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;
>
> (iii) streets; or
>
> (iv) sidewalks.

42 Pa.C.S. § 8542(a), (b)(3).

In *Blocker*, as summarized above, our Supreme Court held Section 8542(b)(3) did not apply to a woman who was injured when a bleacher she was sitting on during a concert collapsed. 763 A.2d at 374. The Court reasoned the bleacher was not attached to the ground and could not "be a fixture of the real property." *Id.* at 375-76. The Court quoted from its previous decision in *Clayton v. Lienhard*, 167 A. 321 (Pa. 1933), distinguishing between the different types of chattels "used in connection with real estate," as follows:

> Chattels used in connection with real estate are of three classes: First, those which are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these always remain personalty. . . . Second, those which are so annexed to the property that they cannot be removed without material injury to the real estate or to themselves; these are realty, even in the face of an expressed intention that they should be considered personalty-to them the ancient maxim "Quicquid plantatur solo, solo cedit"[6] applies in full force. . . . Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation; in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable. . . .

---

[6] "[W]hatever is annexed to the land becomes land." *Blocker*, 763 A.2d at 375 (quoting *Powell on Real Property,* Ch. 57, ¶ 649[1], at 57–5 (1992)).

7

*Blocker*, 763 A.2d at 375 (quoting *Clayton*, 167 A. at 322).

Conversely, in *Brewington*, our Supreme Court applied Section 8542(b)(3) to a boy who tripped and fell into a concrete wall during physical education class. 199 A.3d at 350. The boy's mother alleged the school negligently failed to install safety mats on the wall. *Id.* The Court explained that "the real property exception, by its express definitional terms, includes a failure to provide safety features in situations where such a duty otherwise exists," and that local agencies would be subject to suit for acts "which render a property unsafe for 'the activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used.'" *Id.* at 357 (quoting *Mascaro v. Youth Study Ctr.*, 523 A.2d 1118, 1124 (Pa. 1987)). The Court also discussed *Blocker*:

> Our decision in *Blocker* focused solely on the collapsed bleachers, which caused the plaintiff's injury; as chattel that was not affixed to realty, it constituted personalty which did not fall within the real property exception. The chattel in *Blocker* was the cause of the injury. Here, it was the wall, which is not chattel, but real property, that caused [the boy's] injuries. Thus, we find the instant matter, unlike the situation in *Blocker*, comfortably fits within the real property exception. Accordingly, we reaffirm our decision in *Blocker* to the extent it holds personalty alone may not serve as the basis to trigger the real property exception to governmental immunity . . . .

*Id.* at 357-58.

The Turners aver in their complaint that Anthony was injured because School District staff "utilized temporary bases which were not affixed to the ground" for the kickball game. R.R. at 6a. Because the bases were not affixed to the kickball field, they were personalty, like the bleacher in *Blocker*. The Turners anticipate this issue, averring the School District failed to install fasteners for bases to the kickball field, "rendering the property unreasonably unsafe." *Id.* In other words, the Turners aver

it was the kickball field that caused Anthony's injury by lacking fasteners for bases, rather than the bases themselves. The Turners' brief advances the same idea, arguing the School District failed to provide a kickball field that was reasonably safe for its intended use. Turners' Br. at 7-8, 13-16.

The Turners are not entitled to relief. The Turners' complaint does not point to an unsafe condition of the real property but to a way that the School District could have changed the real property to make personalty safer, i.e., installing fasteners for kickball bases to the ground. This argument lacks support in case law, which "centers on the cause of the injury, rather than the nature of the remedy that should have been provided." *See Brewington*, 199 A.3d at 357. It also contravenes our Supreme Court's directive that "exceptions to governmental immunity must be narrowly construed." *See id.* at 355-56 (citing *Dorsey v. Redman*, 96 A.3d 332, 341 (Pa. 2014)). We agree with Common Pleas that our Supreme Court's reasoning in *Blocker* controls, and that the Turners' claim does not meet the requirements of the real property exception under Section 8542(b)(3).[7]

The Turners argue, in the alternative, that Common Pleas should have allowed them to file an amended complaint. We review Common Pleas' decision to grant or deny leave to amend for an abuse of discretion. *See Lacava v. Se. Pa. Transp. Auth.*, 157 A.3d 1003, 1017 (Pa. Cmwlth. 2017) (citing *Weaver v. Franklin Cnty.*, 918 A.2d 194, 203 (Pa. Cmwlth. 2007)). A party may amend a pleading at any time, either by filed consent of the adverse party or leave of court. Rule 1033(a) of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 1033(a). However, "the trial court does not abuse its discretion in failing to grant leave to amend where further amendment could

---

[7] Given this disposition, we do not address Common Pleas' belief that the Turners would be unable to establish a cause of action at common law that would permit them to recover damages absent the School District's immunity. *See* R.R. at 138a-40a.

9

not circumvent a defendant's immunity." *Sobat v. Borough of Midland*, 141 A.3d 618, 627 (Pa. Cmwlth. 2016) (citing *Holt v. Nw. Pa. Training P'ship Consortium, Inc.,* 694 A.2d 1134, 1138 n.9 (Pa. Cmwlth. 1997)).

The Turners' brief does not explain what amendment they could make to bring a negligence claim within Section 8542(b)(3). The section of the brief addressing their request to file an amended complaint merely emphasizes Anthony was a minor when he was injured, and the statute of limitations had not yet expired. Turners' Br. at 18-19. Elsewhere in the brief, the Turners contend they were entitled to discovery, which would reveal "the nature of the relationship of the bases to the real property." *Id.* at 16-18. They propose that the kickball field "might" have been slippery, or "that the offending base was the only base not to be secured." *Id.* at 16. The Turners' counsel made similar points during argument before Common Pleas on January 9, 2023, when explaining why she should be permitted to file an amended complaint. R.R. at 81a-95a.

Review of the record demonstrates the Turners' proposed amendment would not have circumvented the School District's immunity. *See Sobat*, 141 A.3d at 627. Although the Turners' counsel suggested the kickball field might have been slippery, her theory was that the slippery field may have made *the base that caused Anthony's injury* unsafe. *See* R.R. at 81a-83a, 86a ("[P]erhaps this base was not appropriate for AstroTurf; perhaps this base was made for natural grass and dirt and, therefore, it may have not slid had it been used on a different surface . . . ."). She also suggested School District staff might have affixed the base that caused Anthony's injury to the field, "and it should have stayed but didn't." *Id.* at 84a-85a, 91a. Counsel was not apparently suggesting that the base was meant to be permanently affixed to the field, but that it was a *temporary base,* which did not stay affixed or was never affixed as

10

it should have been. *See id.* at 91a ("[M]aybe that base was the only one that wasn't attached. Maybe the coach should have attached it, but the field itself was defective, the real property was defective for the purpose that it was being used."). Thus, even after the amendment, the Turners' complaint would continue to depend on an injury caused by personalty, i.e., an unattached base. We discern no abuse of discretion by Common Pleas in dismissing the complaint with prejudice.

### III. Conclusion

We conclude Common Pleas did not err or abuse its discretion by granting the School District's motion for judgment on the pleadings and dismissing the Turners' complaint with prejudice. Therefore, we affirm Common Pleas' order dated January 13, 2023.

_____
STACY WALLACE, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Turner and : 
Tobi Govan-Turner, : 
                  Appellants : 
                   : 
         v. : No.  657 C.D. 2023
                   : 
Lower Merion School District : 

# **O R D E R**

    **AND NOW**, this 10th day of May 2024, the order of the Court of Common Pleas of Montgomery County, dated January 13, 2023, is **AFFIRMED**.


                                  _____
                                  STACY WALLACE, Judge