Harry MARTIN, JR., a minor by and through his Parent and Natural Guardian Diane MARTIN and Diane Martin in her own right, Appellants,

v.

CITY OF PHILADELPHIA.

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1997.

Decided July 2, 1997.

Michael J. Flanagan, Philadelphia, for appellants.

Alan C. Ostrow, Philadelphia, for appellee.

Before SMITH and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Harry Martin, Jr., a minor, and his mother Diane Martin (Martins) appeal from an order of the Court of Common Pleas of Philadelphia County that granted the motion for summary judgment filed by the City of Philadelphia in the Martins' action against the City alleging negligent injury of Harry. The Martins question whether the trial court erred in granting summary judgment to the City when there was an issue of material fact as to the City's immunity status; whether the City's football goalpost, which had been affixed to the City's land, should be considered "of" the land for purposes of the gov-

ernmental immunity statutes; and whether the City is immune when a minor such as Harry is injured in an area designated as a football field that was unfit for the activities for which it was reasonably foreseen to be used.

The Martins' complaint alleged that Harry, then 11 years old, was playing with friends at the Murphy Recreation Center, owned and operated by the City, when he tripped and fell, while running across the football field, into a metal pipe that was lying discarded in the field. In Harry's deposition he stated that he dove into a pile of leaves to catch a football and hit a goalpost lying on the ground. Harry was seriously injured in his groin. Harry Martin, Sr., stated in an affidavit that he visited the scene shortly after the accident and saw and photographed the pipe, which he identified as a football goalpost. A City recreation leader and the former caretaker for the facility testified in depositions that it was common for people to throw debris on to the field from the adjacent, higher road. Both stated that the pipe in the photographs was not part of a goalpost and that the park used wooden goalposts at the time of the accident; it changed to metal ones four years later.

As the trial court noted, pursuant to former Pa.R.C.P. No. 1035(b),[1] summary judgment should be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In considering a motion for summary judgment, a court should accept as true all well-pleaded factual allegations, but not conclusions of law, in the non-moving party's pleadings. *Rizzo v. City of Philadelphia*, 668 A.2d 236 (Pa.Cmwlth.1995). The motion should be granted only in cases that are clear and free from doubt. *Id.* This Court's review of a grant or denial of summary judgment is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Kaplan v.*

---

1. Rule 1035 was rescinded and was replaced by Pa.R.C.P. Nos. 1035.1—1035.5 effective July 1, 1996. Former Rule 1035 was in effect at the time of the trial court's order of April 19, 1996.

*Southeastern Pennsylvania Transportation Authority,* 688 A.2d 736 (Pa.Cmwlth.1997).

The trial court reviewed a variety of cases interpreting the general rules of sovereign immunity in Section 8521 of the Judicial Code, 42 Pa.C.S. § 8521, and of governmental immunity in Section 8541, 42 Pa.C.S. § 8541, and the real property and sidewalk exceptions in Section 8522, *as amended,* 42 Pa.C.S. § 8522, and Section 8542, *as amended,* 42 Pa.C.S. § 8542. The trial court quoted *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989), where the Supreme Court stated that local agency liability under the real estate exception in Section 8542(b)(3), 42 Pa.C.S. § 8542(b)(3), for care, custody and control of real property, required negligence making the real property unsafe for the activities for which it is regularly used or intended to be used or reasonably foreseen to be used. It further stated that the focus of the negligent act involving a dangerous condition of government-owned real estate becomes the actual defects of the real estate.

Focusing on statements in the complaint and in the Martins' response to the summary judgment motion that the pipe was "lying on the ground," and "lying discarded on the ground," the trial court stated that the Martins' claim that the pipe was a goalpost did not address the key issue of whether it was "affixed" to the ground. The trial court concluded that the pipe was not "of" the real property because it was not affixed at the time of the injury, and it granted the City's motion because the Martins had produced no evidence to create a factual issue as to whether the pipe was affixed, despite ample opportunity to do so.

■ The Martins first argue that the trial court erred in granting summary judgment when there was a material fact in issue, namely, the immunity status of the City. Section 8542(b) of the Judicial Code provides in part:

(b) **Acts which may impose liability.**— The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) *Real property.*—The care, custody or control of real property in the possession of the local agency. . . . As used in this paragraph, "real property" shall not include:

. . .

(iv) sidewalks.

The determination of whether a government agency enjoys immunity under a particular set of facts is a conclusion of law. Here the trial court concluded as a matter of law that immunity applied even assuming that the pipe involved in the accident was a goalpost that was previously affixed to the property.

The Martins next directly challenge the trial court's conclusion that the City could not be held liable because the goalpost was not attached to the premises at the time of injury. They note that the Supreme Court in *Snyder* stated that the language in Section 8522(b)(4), 42 Pa.C.S. § 8522(b)(4), governing the exception to sovereign immunity for a dangerous condition of Commonwealth agency real estate and sidewalks, indicated that the dangerous condition must "derive, originate from or have as its source the Commonwealth realty." *Snyder,* 522 Pa. at 433, 562 A.2d at 311. In *Finn v. City of Philadelphia,* 165 Pa.Cmwlth. 255, 645 A.2d 320 (1994), *aff'd,* 541 Pa. 596, 664 A.2d 1342 (1995), this Court stated that liability would be permitted where it was proved that improper design, construction or deterioration created an unnatural accumulation of a foreign substance or thing that caused an injury. Similarly, in *Shedrick v. William Penn School Dist.,* 654 A.2d 163 (Pa.Cmwlth.), *appeal denied,* 542 Pa. 682, 668 A.2d 1142 (1995), this Court stated that the defect must be one "of" the real estate rather than a condition that merely facilitates injury.

The Martins argue that the injury to Harry was not caused by a natural accumulation of ice or snow or other substances and that such cases do not apply. Rather, his injury was caused by the artificial condition of a goalpost that formerly was affixed to the property. They contend that the trial court erred in finding a close comparison with and relying upon *Kniaz v. Benton Borough,* 164 Pa.Cmwlth. 109, 642 A.2d 551 (1994), where a picnic table owned by a borough overturned,

causing injury. Summary judgment in favor of the defendant fire company was affirmed because there was no evidence offered that the picnic table was affixed to the pavilion where it was located. The Martins assert that the goalpost had been attached to the ground, and it remained on the premises and "of" the City's land after it was removed from the ground.

The Pennsylvania Supreme Court recently revisited the precise question of the proper interpretation of the real estate exception to governmental immunity in *Grieff v. Reisinger,* —— Pa. ——, 693 A.2d 195 (1997). There a visitor at a volunteer fire company was burned when paint thinner the fire chief was using to remove paint from the floor was accidentally ignited. The Supreme Court noted that Section 8542(b)(3) expressly states that liability may arise from negligence in the "care, custody or control of real property" and observed that the fire chief was caring for the property when using the paint thinner. The court further stated that cases such as *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), and its progeny, *holding that a defect of real property must cause and not merely facilitate injury,* were meant to apply only in situations where third parties cause harm, which was not the case presented in *Grieff.* It held that the exception for "care, custody or control" of real property subjects a municipality to liability more broadly than does the sidewalk exception.

 The conclusion that the City could not be liable for Harry's injury unless the pipe or goalpost that injured him was affixed to the property at the time of injury must be classified as error. Under *Grieff,* local agency liability for negligence in the care, custody or control of real property does not require the instrumentality causing harm to be "of"

the real estate in the sense of being affixed to it. The Martins must be afforded the opportunity to prove their allegations that a goalpost was left concealed in an area intended for play by children, and the finder of fact will then determine whether the facts proved constitute a dangerous condition arising from the care, custody and control of the City's real property.[2] The order of the trial court is reversed, and this case is remanded for further proceedings.

### ORDER

AND NOW, this 2nd day of July, 1997, the order of the Court of Common Pleas of Philadelphia County is reversed, and this case is remanded for further proceedings.

Jurisdiction is relinquished.

**A.P., Petitioner,**

v.

---

2. The City argues an insufficiency of evidence that the metal pipe was a goalpost, and it points out certain inaccuracies in the Martins' brief regarding the testimony of the City's witnesses. In addition, the City challenges Mr. Martin's competence to identify a goalpost, without any attempt to establish that this is a matter requiring expert opinion. The City's repeated assertion that the pipe was not a goalpost demonstrates that a factual dispute exists on this point. These *evidentiary disputes do not present a case that is*

clear and free from doubt for summary judgment purposes.

Moreover, the City relies solely upon deposition testimony given by its employees, without documentary support, concerning the use of wooden goalposts and the nature of the pipe shown in Mr. Martin's photographs. Testimonial affidavits and oral depositions of the moving party, without supporting documents, are insufficient to support a motion for summary judgment. *Kniaz.*