**Daria SANCHEZ–GUARDIOLA,**
**Appellant**

v.

**CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 2014.

Decided March 10, 2014.

---

Matthew J. Zamites, Philadelphia, for appellant.

Nicholas Poduslenko, Philadelphia, for appellee.

BEFORE: LEADBETTER, Judge, and SIMPSON, Judge, and BROBSON, Judge (P.).

OPINION BY Judge SIMPSON.

In this negligence action, plaintiff-appellant Daria Sanchez–Guardiola (Plaintiff), appeals from an order of the Court of Common Pleas of Philadelphia County (trial court)[1] that granted the City of Philadelphia's (City) motion for summary judgment and dismissed Plaintiff's personal injury complaint with prejudice. The trial court entered judgment for the City on the basis that a movable platform or stage located inside the City's Airport, which caused Plaintiff's trip and fall, could not be considered real property for purposes of the real property exception to governmental immunity in 42 Pa.C.S. § 8542(b)(3). Plaintiff contends the trial court erred in entering summary judgment where the City relied primarily on an affidavit of one of its employees, and where a genuine issue of material fact existed as to whether the placement of the stage made it part of the real property or a dangerous condition on the property. Upon review, we affirm.

## I. Background

In May 2010, Plaintiff tripped and fell at the Philadelphia International Airport. As Plaintiff walked between terminals B and C with her husband and brother, she spotted a statute of the Philly Phanatic to her left in the food court. Wishing to take a picture of the Phanatic, Plaintiff turned left and walked toward the statute. She walked between two large flower pots, which blocked from view an unmarked platform or stage, approximately 12 to 14 inches high, of a color and material similar to the surrounding carpet. Plaintiff did

not see the platform, which caused her to trip and fall. As a result, Plaintiff sustained serious and permanent back injuries.

Thereafter, Plaintiff filed suit against the City alleging, among other things, the City's negligent construction, maintenance and placement of the platform caused her injuries. The City filed an answer and new matter. In new matter, the City asserted, among other defenses, governmental immunity under Sections 8541–64 of the Judicial Code, 42 Pa.C.S. §§ 8541–64, often referred to as the Political Subdivision Tort Claims Act (Tort Claims Act).

Following the close of discovery, the City filed a motion for summary judgment, alleging that Plaintiff's negligence claim did not fall within any of the eight exceptions to governmental immunity in 42 Pa. C.S. § 8542(b). In particular, the City averred Plaintiff's claim did not fall within the real property exception. Section 8542(b)(3) of the Tort Claims Act provides an exception to immunity for:

> The *care, custody or control of real property* in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

42 Pa.C.S. § 8542(b)(3) (emphasis added). Averring the platform or stage constituted personal property in the nature of furniture neither affixed nor attached to real property (floor surface of the airport terminal), the City asserted negligent maintenance of personal property does not fall within the real property exception. *Blocker v. City of Phila.*, 563 Pa. 559, 763 A.2d 373 (2000); *Repko v. Chichester Sch. Dist.*, 904 A.2d 1036 (Pa.Cmwlth.2006); *Rieger*

1. The Honorable John M. Younge presided.

*by Rieger v. Altoona Area Sch. Dist.,* 768 A.2d 912 (Pa.Cmwlth.2001).

Following oral argument, the trial court granted the City's motion for summary judgment on the basis that Plaintiff failed to establish her case fell within the real property exception in 42 Pa.C.S. § 8542(b)(3). In an opinion in support of its order, the trial court explained the evidence established the platform or stage over which Plaintiff fell was not attached or affixed to the realty. Rather, the platform constituted "a piece of personal property akin to furniture that could be freely moved within or removed from the Airport terminal." Tr. Ct., Slip Op., 6/14/13, at 6. Plaintiff appeals.[2]

## II. Discussion

### A. Real Property Exception; *Nanty–Glo* Rule

Plaintiff first contends the trial court erred in entering summary judgment for the City based on an affidavit of a City employee as to the nature and history of the stage, and its alleged lack of permanency or attachment to the surrounding floor, in determining the stage is not realty for purposes of the real property exception to immunity in 42 Pa.C.S. § 8542(b)(3). In its opinion, the trial court cited an affidavit of the Airport's Facilities Maintenance Manager, Allan Moore (Facilities Manager),[3] as evidence that the platform was

(a) a piece of furniture; (b) not affixed, fastened or attached to the floor surface or anything else within the Airport, and merely rested upon the floor surface; (c) composed of separate sections and easily removable, without any special equipment or tools; (d) removable without causing any damage to the platform, floor surface or any other part of the Airport; (e) not intended to be permanent at its location and had been moved on numerous occasions; and (f) not necessary or essential to Airport operations. Tr. Ct., Slip Op., at 1–2.

Plaintiff contends the trial court erred in relying on Facilities Manager's affidavit regarding the nature of the platform or stage, its use, history, and its alleged lack of permanency or attachment to the surrounding floor. Plaintiff asserts the rule first established in *Borough of Nanty–Glo v. American Surety Co. of New York,* 309 Pa. 236, 163 A. 523 (1932), that a court may not summarily enter judgment where the evidence depends upon oral affidavits or testimony alone, which are subject to credibility determinations by the jury, is applicable here. The "*Nanty–Glo* rule" essentially means that the testimonial affidavits or depositions of the moving party's witnesses are insufficient by themselves to establish a material fact because the credibility of the testimony is still a matter for the jury. *Penn Ctr. House, Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989). In accord with *Hoffman* and *Nanty–Glo,* Plaintiff argues, the trial court erred in entering summary judgment for the City based on Facilities Manager's testimony.

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, demonstrate there is no genuine issue as to any material fact and

---

2. Our review of a trial court order granting summary judgment is limited to determining whether the trial court erred as a matter of law or abused its discretion. *Kuniskas v. Commonwealth,* 977 A.2d 602 (Pa.Cmwlth. 2009). We must examine the record in a light most favorable to the non-moving party, accepting as true all well-pled facts and reasonable inferences to be drawn from those facts. *Id.*

3. *See* Aff. of Allan Moore, 11/27/12, Supplemental Reproduced Record (S.R.R.) at 148b.

that the moving party is entitled to judgment as a matter of law. *Kniaz v. Benton Borough*, 164 Pa.Cmwlth. 109, 642 A.2d 551 (1994). "However, testimonial affidavits and oral depositions of the moving party, without supporting documents, are insufficient to support a motion for summary judgment." *Id.* at 553. Nonetheless, "[t]he *Nanty–Glo* rule does not preclude the grant of summary judgment when the moving party relies on the testimonial evidence of an adverse party." *Id.* Further, when a motion for summary judgment is made and supported as provided in the rule, "the adverse party may not rest only on the mere allegations or denials in his pleadings, *but must set forth in his response by affidavits, or as otherwise provided, specific facts in dispute.*" *Id.* (emphasis added).

In *Kniaz*, the borough's official volunteer fire company filed a motion for summary judgment asserting governmental immunity under the Tort Claims Act for injuries the plaintiff sustained when her picnic table overturned at a fire company picnic. The fire company's president testified he placed the picnic tables at the pavilion and that they were not fastened to the ground in any way. Noting the plaintiff failed to provide any evidence that the picnic tables were affixed to the realty, we determined the trial court properly found the fire company established that the real property exception to immunity in 42 Pa. C.S. § 8542(b)(3) did not apply.

■ Here, the trial court observed, "Plaintiff completely failed to produce any evidence to establish that the platform or stage was physically attached to the Airport in any fashion." Tr. Ct., Slip. Op., at 5. "When faced with this motion for summary judgment, it was the Plaintiff's burden to establish that there existed an issue of material fact." *Id.* at 6.

Nevertheless, Plaintiff maintains, a genuine issue of fact exists as to whether the platform is a permanent fixture because Facilities Manager could not recall when the platform was created or ever taken part, moved or replaced. Viewing these facts in a light most favorable to the nonmoving party, Plaintiff asserts a jury could conclude the platform constituted part of the realty.

We disagree. Plaintiff failed to present any evidence sufficient to establish that the platform or stage was permanently attached or affixed to the surrounding floor in the Airport terminal. Although Plaintiff asserts Facilities Manager could not recall if or when the platform was ever moved or taken apart, these facts are insufficient to establish that the platform was permanently attached or affixed to the realty.

In *Blocker*, the injured plaintiff fell from a wooden bleacher, which consisted of approximately five tiers of seating that rested on, but was not attached to, the floor of a City facility. The trial court granted immunity in favor of the City on the basis that the bleacher was not a permanent fixture of the real estate.

Commonwealth Court reversed on the ground that a genuine issue of material fact existed as to whether the City intended that the bleacher permanently remain at its location. We did not assign any importance to the issue of whether the bleacher was permanently attached to the ground.

■ On appeal, the Supreme Court reversed, holding this Court erred in determining the bleacher could be construed as a fixture, absent any attachment to realty where it rested, based merely on the intent of the City. In particular, the Supreme Court observed, consideration of the owner's intention regarding whether a chattel has been permanently placed on real es-

tate is relevant only where the chattel was in fact affixed to the realty. Thus, absent an attachment to realty, a chattel remains personalty. "It is undisputed that the bleacher from which [the plaintiff] fell was not attached to the ground. *The bleacher was, therefore, personalty, and any negligent maintenance of it did not fall within the real property exception to immunity.*" *Blocker*, 563 Pa. at 564, 763 A.2d at 375–76.

■ Here, Plaintiff failed to allege or present any evidence that the platform was permanently attached or affixed in any manner to the Airport terminal floor. Therefore, the trial court's grant of summary judgment did not violate the *Nanty–Glo* rule. *Kniaz.* Consequently, Plaintiff failed to establish a genuine issue of material fact as to whether the platform was attached to the surrounding floor. *Blocker; Kniaz.*

### B. Hazardous Construction and Placement of Platform

■ Plaintiff also contends the trial court erred in entering summary judgment for the City where a genuine issue of material fact existed as to whether the construction and placement of the stage made it part of the real property, thus bringing Plaintiff's cause of action within the exception to immunity in 42 Pa.C.S. § 8542(b)(3). Plaintiff asserts the City's hazardous construction and placement of the platform constituted a dangerous condition of the real property.

As support, Plaintiff cites *Kelly v. Curwensville High School,* 141 Pa.Cmwlth. 449, 595 A.2d 787 (1991). In *Kelly,* the plaintiff, a roofing contractor, climbed up a ladder permanently attached to an outside wall of the high school to access a second floor roof. While climbing back onto the first floor roof, the plaintiff bumped into a skylight next to the ladder, lost his bal-

ance, fell through the skylight and landed on the floor of the school. The plaintiff filed suit under the real property exception in 42 Pa.C.S. § 8542(b)(3) alleging negligence in the placement of the ladder in such close proximity to the skylight as to render the ladder unsafe for use; failure to warn plaintiff of the danger; failure to realize the ladder presented a risk of harm to invitees; failure to move the ladder to a safer position; and, failure to install an unbreakable or break-resistant skylight. The trial court, however, granted summary judgment in favor of the school district.

On appeal, this Court reversed. We noted the ladder and the skylight were permanently attached to the building and, therefore, part of the real property. Further, plaintiff's complaint alleged the placement of the ladder so close to the skylight created a hazardous condition constituting a defect in the real estate itself.

Here, the trial court found *Kelly* readily distinguishable because the ladder and skylight were permanent fixtures creating a hazardous condition of the real property itself. We agree. In the present case, the platform or stage over which Plaintiff tripped constituted movable personal property akin to furniture. As such, the platform did not create a hazardous condition constituting a defect in the real estate itself. *Blocker.* Consequently, Plaintiff's reliance on *Kelly* is misplaced.

### C. Dangerous Condition on the Property

■ Plaintiff also contends the platform or stage constituted a dangerous condition *on the property,* carpeted similarly to the surrounding floor and hidden by large flower pots. In support of her position, Plaintiff cites *Grieff v. Reisinger,* 548 Pa. 13, 693 A.2d 195 (1997) and *Hanna v. West Shore School District,* 717 A.2d 626 (Pa. Cmwlth.1998).

In *Grieff*, the Supreme Court held the real property exception applied to injuries caused by a fire chief's alleged negligent care of the fire company's property. There, a visitor to the fire company sustained an injury when paint thinner, which the fire chief used to clean the floor, ran under a refrigerator and ignited. The Supreme Court held the real property exception is triggered when the injury is caused by the negligent care, custody or control of real property. The Court considered the cleaning of the floor as caring for the property. Thus, the Court held the real property exception applied because the fire company's negligent care of the property caused the injury.

In *Hanna*, this Court held the real property exception applied where the plaintiff slipped and fell on water, which accumulated in a public school hallway. The parties stipulated the puddle of water formed as a result of someone mopping the floor. This Court found the case indistinguishable from *Grieff* because the school district's negligent care of the hallway—mopping the floor and allowing the water to accumulate—led to the injury. Thus, this Court determined the plaintiff's claim fit squarely within the real property exception. *Id.*

Plaintiff also cites *Snyder v. North Allegheny School District*, 722 A.2d 239 (Pa. Cmwlth.1998), where this Court held that the school district's negligence in failing to remove ice and snow from a concrete landing at the top of a set of stairs fell within the real property exception. The plaintiff sustained injuries when she left an evening activity at the school and fell after slipping on the ice-covered landing.

In light of these cases, Plaintiff argues the low platform, carpeted similarly to the surrounding floor and hidden by large flower pots, constituted a dangerous condition *on the property* for purposes of the real estate exception to governmental immunity. Therefore, Plaintiff urges, the trial court erred and abused its discretion in granting the City's motion for summary judgment.

Recently, in *Mandakis v. Borough of Matamoras*, 74 A.3d 301 (Pa.Cmwlth. 2013), we were asked to determine whether a plaintiff's negligence claim against a borough for an injury resulting from a fall caused by a broken picnic table, which was not permanently attached or affixed to the real estate in a borough park, fell within the real property exception to immunity in 42 Pa.C.S. § 8542(b)(3). In *Mandakis*, we focused on our earlier decision in *Repko*, where this Court considered the interplay between the *Blocker* and *Grieff* lines of cases in determining the applicability of the real property exception to governmental immunity.

In *Repko*, a student brought a negligence action against the school district for personal injuries she sustained when a folding table in the school's gymnasium fell over, struck her and injured her right calf and ankle. The trial court followed the analysis in *Grieff* and determined the real property exception applied because the school district negligently maintained the gymnasium area. In so doing, the trial court specifically found the Supreme Court's analysis in *Blocker* inapplicable to the case. On appeal, however, this Court reversed. We opined:

[T]here are two approaches that can be used to determine whether to apply the real estate exception to immunity under the Tort Claims Act, and that, at times, deciding which approach to apply under a given set of facts is challenging. Under the *Blocker* approach, the determinative inquiry is whether the injury is caused by personalty, which is not attached to the real estate, or by a fixture, which is attached. Under the *Grieff*

approach, the determinative inquiry is whether the injury is caused by the care, custody or control of the real property itself. Both approaches have been applied by the courts.

*Repko,* 904 A.2d at 1040.

In *Repko,* this Court ultimately determined the school district was immune from suit because the folding table was an item of personalty, rather than real property. Likewise, in *Mandakis* we determined a picnic table, not affixed to the property, constituted an item of personalty. Therefore, the real estate exception did not apply.

Summarizing, a claim under the real property exception must arise from the realty itself, or the care, custody or control of it. The real property exception is unavailable when the claims arise from the negligent maintenance of personalty, such as bleachers (*Blocker*); movable picnic tables (*Mandakis*); gymnasium mats (*Rieger*); or indoor folding tables (*Repko*). These cases are not at odds with *Grieff* or *Hanna.* In *Grieff* and *Hanna,* the injuries were caused by the *negligent care of the real property itself—cleaning the floors.* In *Blocker, Rieger,* and *Repko,* the injuries were caused by items of personal property that were not affixed to the real property. "The distinction between personalty and fixtures used in *Blocker* has been the traditional approach for determining whether or not chattels are part of the real estate." *Repko,* 904 A.2d at 1040.

Here, we see no reason to depart from this longstanding distinction. Under *Blocker,* the platform or stage, not affixed or attached to the surrounding floor, is an item of personalty akin to furniture, and not part of the real property for purposes of the real property exception. In short, Plaintiff's injuries were caused by the alleged negligent care of the movable platform or stage, not by the negligent care of the real property itself. Therefore, the trial court did not err in granting the City's motion for summary judgment based on governmental immunity under the Tort Claims Act. *Blocker; Mandakis; Repko.*

As we recognized in *Repko,* a different holding would mean that an item of personalty which injures someone on real property, falls within the care, custody and control of real property exception. Such a holding would bring almost any injury on government property within the real property exception. Such a holding would defeat the purpose of immunity under the Tort Claims Act.

### III. Conclusion

For the above reasons, we discern no error or abuse of discretion in the trial court's order granting the City's motion for summary judgment and dismissing Plaintiff's complaint with prejudice. Accordingly, we affirm.

Judge COHN JUBELIRER did not participate in the decision in this case.

### ORDER

**AND NOW,** this 10th day of March, 2014, the order of the Court of Common Pleas of Philadelphia County is **AFFIRMED.**